UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **COASTAL CARGO COMPANY, LLC** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 15-561** |
| **M/V ETERNITY SW, her engines, tackle and appurtenances, etc.,** *in rem* | * | **SECTION " " ( )** |
| | * | **JUDGE** |
| *   *   *   *   *   *   *   *   * | | **MAG.** |

## VERIFIED COMPLAINT

Now into Court, through undersigned counsel, comes plaintiff, Coastal Cargo Company, LLC (hereinafter referred to as "Coastal Cargo"), and for its Verified Complaint against the M/V ETERNITY SW, *in rem*, avers upon information and belief as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333.

II.

Venue is proper before this Honorable Court because the M/V ETERNITY SW is, or will during the pendency of this action be, located within this district.

1

III.

At all times material hereto plaintiff, Coastal Cargo, was and still is a limited liability company or other legal entity organized and existing under the laws of the State of Louisiana and was engaged in stevedoring services and operations at the Port of New Orleans.

IV.

At all times material hereto, defendant, the M/V ETERNITY SW, *in rem*, was and still is a Panamanian flagged ocean-going cargo vessel of approximately 32,210 gross registered tons, bearing IMO No. 9425851, owned by Eternity Pescadores SA Panama, a company organized and existing under the laws of Panama, which is at the time of the filing of this Verified Complaint or will be during the pendency of this action and process hereunder be, within this district and within the jurisdiction of this Honorable Court.

V.

In or around June 2014, Coastal Cargo agreed to and did provide stevedoring services to the M/V ETERNITY SW, while she was moored at the Port of New Orleans, Louisiana, on the order of the vessel's charterer, Dalian Suntime, through its agent, Suntime America, Inc.

VI.

On 30 June 2014, Coastal Cargo sent its invoice in the amount of $40,669.86 to the M/V ETERNITY SW through its charterer's agent, Suntime America, Inc.  See invoice attached hereto as Exhibit "A."  The invoice called for payment of the full amount owed to Coastal Cargo upon receipt.

VII.

Despite due demand, no payment has been received by Coastal Cargo, and there remains an outstanding balance of $40,669.86, plus interest, costs and attorneys' fees, for the stevedoring services Coastal Cargo supplied to the M/V ETERNITY SW in New Orleans, Louisiana, in or around June 2014.

VIII.

The stevedoring services Coastal Cargo provided to the M/V ETERNITY SW qualify as "necessaries" within the meaning of 46 U.S.C. §31341, *et seq*. As suppliers of necessaries to the M/V ETERNITY SW on the order of her charterer's authorized representatives, and pursuant to 46 U.S.C. §31341, *et seq*, as well as all other applicable law(s), Coastal Cargo is the holder of a maritime lien on the M/V ETERNITY SW for all amounts owed to Coastal Cargo, plus interest, costs and attorneys' fees.

IX.

Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Coastal Cargo is entitled to an Order from this Court directing the Clerk of Court to issue a warrant for the arrest of the M/V ETERNITY SW, commanding the United States Marshal for the Southern District of Texas to seize and arrest the M/V ETERNITY SW, and further requests that the vessel thereafter be sold at judicial sale, the proceeds thereof to be deposited into the registry of the Court and, after due proceedings had, to be disbursed to Coastal Cargo in satisfaction of the debt owed to Coastal Cargo.

X.

All and singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of the United States of America and this Honorable Court.

XI.

Coastal Cargo reserves the right to supplement and amend this Verified Complaint as further facts become available.

WHEREFORE, plaintiff prays that:

1) Its Verified Complaint be deemed good and sufficient;

2) Process in due form of law be issued pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and that the M/V ETERNITY SW, presently or during the pendency of this action due to be lying afloat on the navigable waters of the United States of America within the jurisdictional limits of this Court, be arrested in this proceeding and held to answer for plaintiff's claims stated herein, plus interest, costs and attorneys' fees;

3) All parties claiming an interest, title or right in the said vessel appear and answer, all and singular, the allegations of this Verified Complaint;

4) After due proceedings, plaintiff has judgment against defendant, the M/V ETERNITY SW, her engines, boilers, tackle, furniture, apparel, etc., *in rem*, in the amount of the aforesaid $40,669.86, plus interest, costs and attorneys' fees;

5) The M/V ETERNITY SW be condemned and sold to satisfy any judgment awarded by the Court herein; and

7)      Plaintiff has such other and further relief as the law and justice may require.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/*Peter B. Sloss*
Peter B. Sloss (Texas Bar No. 00788970)
psloss@mrsnola.com
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA  70139

**and**

GALLOWAY, JOHNSON

/s/ *Kelly Hartmann*
Kelly Hartmann (Texas Bar No. 24055631)
khartmann@gallowayjohnson.com
Chaz Klaes (Texas Bar No. 24083312)
cklaes@gallowayjohnson.com
1301 McKinney, Suite 1400
Houston, TX  77010
Telephone:  (713) 599-0700

*Attorneys for Coastal Cargo Company, Inc.*

**INSTRUCTIONS FOR U.S. MARSHAL:**

PLEASE ISSUE WARRANT OF ARREST
AND ARREST THE M/V ETERNITY SW AT HOUSTON
NORTH SIDE CITY DOCKS


**PLEASE SERVE:**

**M/V ETERNITY SW**
C/O her Master

5